People v Treyvon A. E. (2025 NY Slip Op 06723)

People v Treyvon A. E.

2025 NY Slip Op 06723

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2022-01757
2022-01762
 (Ind. No. 126/20; S.C.I. No. 209/20)

[*1]The People of the State of New York, respondent,
v
Treyvon A. E. (Anonymous), appellant.

James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Morgan Czarnik of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Rockland County (Sherri L. Eisenpress, J.), both rendered October 8, 2021, convicting him of robbery in the second degree under Indictment No. 126/20 and robbery in the second degree under S.C.I. No. 209/20, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the granting of the People's motion pursuant to CPL 722.23(1) to prevent removal of these actions to the Family Court, Rockland County, and the determination of the County Court, upon reargument, to adhere to the prior determination granting the People's motion.
ORDERED that the judgments are reversed, on the law, the People's motion pursuant to CPL 722.23(1) to prevent removal of these actions to the Family Court, Rockland County, is denied, and the matter is remitted to the County Court, Rockland County, for the entry of an order removing the actions to the Family Court, Rockland County.
The defendant was 17 years of age when he was accused of robbery in the second degree under Indictment No. 126/20 and robbery in the second degree under S.C.I. No. 209/20. The People moved pursuant to CPL 722.23(1) to prevent removal of these actions from the Youth Part of the County Court, Rockland County, to the Family Court, Rockland County. The Youth Part granted the People's motion. The defendant moved for leave to reargue his opposition to the People's motion, and, upon reargument, the Youth Part adhered to its prior determination. Subsequently, the defendant entered pleas of guilty to robbery in the second degree under Indictment No. 126/20 and robbery in the second degree under S.C.I. No. 209/20. By judgments rendered October 8, 2021, sentences were imposed. The defendant appeals.
In 2017, the Legislature enacted the "Raise the Age" legislation, which defined a 16 or 17 year old who was charged with a felony committed on or after October 1, 2018, or October 1, 2019, respectively, as an "adolescent offender" (CPL 1.20[44]; see Penal Law § 30.00[1], [3][a]; People v Yahmir T.D., 241 AD3d 576, 577). The Raise the Age legislation created a Youth Part in a superior court, presided over by Family Court judges with specialized training, to determine the proper forum for such prosecutions (see CPL 722.10[1]). As relevant here, when an adolescent offender is charged with a violent felony, the Youth Part must determine at a hearing held within six days of arraignment whether the People have established by a preponderance of the evidence that [*2]"the defendant caused significant physical injury to a person other than a participant in the offense," "displayed a firearm, shotgun, rifle or deadly weapon as defined in the penal law in furtherance of such offense," or committed one of several enumerated sex offenses (id. § 722.23[2][c][i], [ii]). If the Youth Part determines that the People failed to make such a showing, it must remove the action to Family Court, but the People can move to prevent removal to Family Court upon a showing "that extraordinary circumstances exist that should prevent the transfer of the action to family court" (id. § 722.23[1][d]; see People v Lloyd F., ___ AD3d ___, ___, 2025 NY Slip Op 04583, *2).
Here, the People failed to demonstrate that extraordinary circumstances existed (see People v Lloyd F., ___ AD3d ___, 2025 NY Slip Op 04583; People v Yahmir T.D., 241 AD3d 576). Thus, the Youth Part should have denied the People's motion pursuant to CPL 722.23(1) to prevent removal of these actions to Family Court.
The People's remaining contention is without merit.
Accordingly, we reverse the judgments, deny the People's motion pursuant to CPL 722.23(1) to prevent removal of these actions to Family Court, and remit the matter to the County Court, Rockland County, for the entry of an order removing the actions to the Family Court, Rockland County.
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court